Cynthia Jean **SILER**, Relator,

v.

Honorable Charles H. **STOREY** et al., Respondents.

No. C–3171.

Supreme Court of Texas.

July 11, 1984.

R. W. Bill Glenn, Plano, for relator.

James A. Frazier, Plano, for respondents.

BARROW, Justice.

This is an original mandamus proceeding. Relator Cynthia Jean Siler seeks a writ of mandamus against the Court of Appeals for the Fifth Supreme Judicial District directing it to rescind its order of June 9, 1984, which directed the 219th District Court of Collin County, Texas to rescind its writ of habeas corpus. The court of appeals issued its order without written opinion. We conditionally grant the writ of mandamus.

Relator is the mother of a three-year-old boy, David Lawrence Siler. The boy's father, Jon David Siler, is the real party in interest. Cynthia and Jon were married in Nevada in January 1979 and lived in Sunnyvale, California until April 1980 when they moved to Warren, Pennsylvania. A girl was born of this marriage in 1979, and David was born in Pennsylvania on April 12, 1981. In May 1981, Jon returned to California to seek new employment, but his wife and children remained at the family apartment in Warren, Pennsylvania. On or about November 28, 1981, Jon returned to Warren and spirited away the two small children. Cynthia immediately secured a temporary restraining order from the Pennsylvania court restraining Jon from removing the two minor children from the jurisdiction and directing him to return the children to Cynthia. Jon left the state before the Pennsylvania authorities could serve him.

On December 7, 1981, Jon filed a suit in California seeking dissolution of the marriage and asking for custody of the minor children. Cynthia was served by certified mail. She appeared in the California proceeding and asked that court to dismiss Jon's petition for dissolution of the marriage and to enforce the Pennsylvania temporary restraining order.

The California superior court held a hearing in this proceeding on January 27, 1982. After the hearing, the court rendered an order dismissing Jon's petition for dissolution of the marriage and directing him to return the children to Cynthia. When Cynthia attempted to enforce the order, she secured custody of the daughter, but Jon fled with David. Jon successfully hid David from Cynthia and avoided all attempts at service of process.

On March 5, 1982, Cynthia filed a divorce action in Pennsylvania and made every possible effort to secure service of process on Jon. On March 30, 1982 the Pennsylvania court decreed that Cynthia need take no additional steps to attempt to serve Jon. Jon admits that during this time he was secreting himself to avoid service. He further admits that on June 6, 1982 he actually received a copy of the complaint. The Pennsylvania court heard Cynthia's divorce action on June 9, 1982 and awarded her custody of the two children.

Shortly after finally locating Jon in Collin County, Texas in May 1984, Cynthia proceeded to Texas and filed a petition for writ of habeas corpus in the 219th District Court. At Cynthia's request, David was temporarily placed with Collin County Child Welfare pending resolution of this dispute. Jon filed a cross-action seeking a divorce and custody of David alleging that David had lived with him for over six months. Cynthia entered a special appearance to this cross-petition under Rules 21 and 120a, Texas Rules of Civil Procedure. The Texas court held a full hearing on June 4. Certified copies of the Pennsylvania proceedings were introduced into evidence, and both Cynthia and Jon testified. At the conclusion of the hearing, the district court granted the writ of habeas corpus and ordered Jon to return David to Cynthia. The court temporarily stayed the order at Jon's request, and the boy remained in the custody of Child Welfare.

Jon sought mandamus relief in the Court of Appeals for the Fifth Supreme Judicial District. That court granted Jon leave to file his petition for writ of mandamus and on June 14, 1984 granted the writ of mandamus. The court of appeals ordered the district court to vacate the writ of habeas corpus and return David to Jon.

Cynthia seeks mandamus relief in this court. She supports her petition by certified copies of the California and Pennsylvania court proceedings as well as copies of the Texas trial court's order and a transcript of the testimony heard on her petition for writ of habeas corpus.

Cynthia sought a writ of habeas corpus in the 219th District Court commanding the return of her child pursuant to section 14.-10, Tex.Fam. Code Ann. She based her right to such an order on the existing Pennsylvania custody decree. Section 14.10(a) instructs Texas courts to enforce a valid outstanding custody order by writ of habeas corpus. *Perry v. Scoggins*, 626 S.W.2d 302 (Tex.1981); *Strobel v. Thurman*, 565 S.W.2d 238 (Tex.1978). Cynthia urges that the Pennsylvania court order awarding her custody is one that Texas courts should enforce. Jon contends that the Texas courts should not enforce the Pennsylvania decree because he was not given reasonable notice of the proceeding in which it was rendered. We agree with Cynthia.

In the prior California proceedings, in which Jon had invoked the jurisdiction of the California courts, Jon's California counsel appeared at the hearing and contested the temporary order that Jon return the children to Cynthia.[1] His attorney sought and was denied relief from the order in the appellate courts of California. After rendition of that order, Jon, as shown by the official records and returns of the California court and as confirmed by his own testimony, intentionally avoided service of the writ of attachment for the children. The California orders included a bench warrant for Jon's arrest.

In the Pennsylvania divorce proceeding, Cynthia's attorney attempted personal service on Jon by a California professional process server at John's last-known address in Cupertino, California. The process server returned the complaint with the notation: "Defendant not here; has gone out of state; address unknown. Brother of defendants' girlfriend now living at above address." The attorney then sent a copy of the complaint by certified mail, return receipt requested, to the Cupertino address, and it was returned "moved, left no forwarding address." The attorney certified he had further sent copies of the complaint by first class mail to Jon in care of his brother at his brother's address in San Jose and to Jon in care of his California attorney. Cynthia's attorney averred that neither first class letter was returned. The attorney who had represented Jon in California did respond with a letter stating he did not represent Jon any more and that he was not authorized to accept service of process for Jon.

The affidavit of Cynthia's Pennsylvania attorney that Jon appeared to be intentionally avoiding service of process, all the documents and orders from the California judicial proceedings, and the officers' returns on the attempted service were before the Pennsylvania court. Based on the record thus made, Cynthia's attorney moved for a special order for substitute service under PA. R. CIV. PRO. 1009(c) and 2079(c)(5).

Pennsylvania's Rule 1009(c) provides that service may be made on "a non-resident or *a person who conceals his whereabouts*" as provided in Rule 2079. Pennsylvania's Rule 2079(c)(5) provides that "Outside the Commonwealth, the plaintiff shall have the right of service .... (5) in such manner as the court by special order shall direct." Pennsylvania Rule 2080(a) provides, in part, that proof of service under such a special order may be shown "by the order pursuant to which the service was made." The Pennsylvania trial judge signed a special order directing "that Plaintiff's attorney attempt to serve the Defendant by taking the following additional steps: NONE."

Respondent contends he had inadequate notice and was never served in the Pennsylvania case. He argues that the "special

---

**1.** It is not necessary to consider the California order as a basis for Cynthia's writ of habeas corpus.

order" for service finding nothing further was necessary to perfect service is void under Pennsylvania law. The argument is that under the Pennsylvania statute [2] allowing service on non-residents by any method reasonably calculated to give actual notice, "including publication," the court had to order his wife's counsel to take some additional affirmative step to perfect service even if the court found that everything that reasonably could be done to give actual notice had been done, and the efforts already completed were reasonably calculated to give actual notice. Respondent cites no Pennsylvania cases giving that construction to its substitute service rules, and our independent search has uncovered none.

Pennsylvania Rule 2080(a) contemplates that a "special order" may find that service (as of the date of the order) had been perfected through the efforts already completed. In a somewhat similar child custody proceeding in which the father sought to avoid service, the Pennsylvania Supreme Court has held that effective service on the *father* was accomplished by his new wife's refusal to accept service on her and her subsequent statement to him about the attempted service. *Commonwealth ex rel. McKinney v. McKinney,* 476 Pa. 1, 381 A.2d 453 (1977).

Jon did not carry his burden of showing the Pennsylvania order was void. Under section 14.10 of the Texas Family Code, the trial court properly granted Cynthia's writ of habeas corpus.

Jon would seek to assert his right to temporary custody of David upon the fact that the boy has been in Jon's exclusive possession for more than six months. We rejected a similar contention in *Rush v. Stansbury,* 668 S.W.2d 690 (Tex.1984). The Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A, was enacted to prevent the type of situation we have be-

fore us. Jon cannot use his deliberate evasion of process as a basis for his own right. To do so would make a mockery of the Act.

Having found that the district court properly granted the writ of habeas corpus to Cynthia, it necessarily follows that the court of appeals erred in determining that the Pennsylvania order was void and granting its mandamus directing the trial court to return the boy to Jon.

We assume that the Court of Appeals for the Fifth Supreme Judicial District will vacate its June 14, 1984 order to the 219th District Court of Collin County. If it does not, a writ of mandamus will issue.

No motion for rehearing will be permitted.

**2.** Codified at 42 PA.CONS.STAT.ANN. § 5346(a)(4) (Purdon 1981) (Judicial Code). The Pennsylvania courts, effective January 1, 1983, *after* the relevant dates in the present case, adopted a special service and proof of service rule for custody actions. PA.R.CIV.PRO. 1915.-

4. The Explanatory Note under the new rule makes it clear that Pennsylvania's Rule 2079(c) governed service by "special order" under Judicial Code § 5346(a)(4) at the time of Cynthia's order.