**In the Interest of James Ronald CARPENTER, a Child.**

No. 07–91–0176–CV.

Court of Appeals of Texas, Amarillo.

July 27, 1992.

Marshall Capps, Crowell, for appellant

Paul Scott, Vernon, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

In ten points of error, appellant Ronald Lee Carpenter (Ronald) appeals from an order of the trial court declining to exercise jurisdiction in his suit to modify a parent-child relationship. We will overrule the points of error and affirm the order of the court.

Ronald and Patricia Ann Murray Carpenter Scheib (Patricia), appellee, were married in Pennsylvania. The only child of the marriage, James Ronald Carpenter (Jimmy), was born in Pennsylvania on July 30, 1985. When Jimmy was approximately sixteen months old, Ronald and Patricia divorced. A Pennsylvania court awarded Ronald legal custody of Jimmy but Patricia was given generous visitation rights. Subsequently, Patricia filed suit in Pennsylvania to modify the custody arrangement. The Pennsylvania court issued a temporary joint custody order whereby each spouse would have custody of Jimmy for four days one week and then three days the next week. This arrangement had been in place for four to six weeks when on December 13, 1986, Patricia went to get Jimmy following a visit with his father. She found that both Jimmy and Ronald had disappeared. On December 17, 1986, Patricia obtained an ex parte order of the Pennsylvania court granting her full physical custody of Jimmy and specifically denying Ronald any contact with his son. The court's order did not serve to immediately reunite Patricia with Jimmy because Jimmy and his father could not be found.

In December of 1990, Ronald and Jimmy were found living in Crowell, Texas. On December 11, 1990, the Texas Department of Human Resources, acting pursuant to the Pennsylvania court order of December 17, 1986, removed Jimmy from Ronald's custody and returned Jimmy to his mother. Patricia was remarried and residing in Phoenix, Arizona. On January 7, 1991,

Ronald filed suit in Foard County, Texas to modify the Pennsylvania order of December 17, 1986. By means of a special appearance, Patricia challenged the jurisdiction of the Texas court to hear the modification suit. A hearing on the special appearance was held on April 15, 1991. Following that hearing, the trial court, by its order of May 9, 1991, declined to exercise jurisdiction over the cause. It is from that order that Ronald has perfected this appeal.

■ In his first and sixth points of error, Ronald contends that the trial court erred in declining to exercise jurisdiction because no other state was shown to be able to exercise jurisdiction.

At the time Ronald filed suit, Texas was Jimmy's "home state." A child's "home state" is "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months." Tex.Fam.Code Ann. § 11.-52(5) (Vernon 1986). A Texas court that is competent to decide child custody matters has jurisdiction to modify a child custody determination if Texas is the home state of the child on the date of the commencement of the proceeding. Tex.Fam.Code Ann. § 11.53(a)(1)(A) (Vernon 1986).

However, "[u]nless required in the interest of the child, the court may not exercise jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit." Tex.Fam.Code Ann. § 11.58(b) (Vernon 1986). Since Ronald improperly removed Jimmy from Patricia's physical custody, the trial court acted in accordance with the statute in declining to exercise jurisdiction over Ronald's suit. Points of error one and six are overruled.

■ In his fourth point of error, Ronald contends that the trial court erred in declining to exercise jurisdiction because the great weight and preponderance of the evidence shows that it is in Jimmy's best

interest that the trial court exercise its jurisdiction. Ronald cites to Tex.Fam.Code Ann. § 11.51(a)(3) (Vernon 1986), for the proposition that one of the purposes of the Uniform Child Custody Jurisdiction Act (UCCJA)[1] is to

> assure that litigation concerning the custody of a child takes place *ordinarily* in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state. (emphasis added).

This, however, is no ordinary situation. Here, one parent has kidnapped the child in question and brought him to Texas.

The UCCJA was *particularly* designed to deter parents from abducting children for the purpose of obtaining custody awards. *Cunningham v. Cunningham*, 719 S.W.2d 224, 227 (Tex.App.—Dallas 1986, writ dism'd); *see* Tex.Fam.Code Ann. § 11.51(a)(5) (Vernon 1986) (one purpose of UCCJA is to "deter abductions and other unilateral removal of children undertaken to obtain custody awards"). Ronald should not be allowed to use his deliberate secretion of himself and Jimmy as a claim of right. *Cunningham v. Cunningham*, 719 S.W.2d at 228. To do so would make a mockery of the purposes of the UCCJA. *Id; see Siler v. Storey*, 677 S.W.2d 504, 507 (Tex.1984). Even assuming, arguendo, that Texas is the state with which Jimmy and his family have the closest connection, it is not in Jimmy's best interest for a Texas court to exercise jurisdiction where Jimmy's connection to Texas is solely a result of his father's improper acts.[2] Point of error four is overruled.

In his second point of error, Ronald contends that the trial court erred "by dismiss-ing this case without first finding that the State of Texas had jurisdiction over this case under Subdivision 11.53(a) of the [UCCJA], then determining that Pennsylvania no longer had jurisdiction or had declined to exercise its jurisdiction over this case, and finally, finding that the State of Texas was not prohibited by the PKPA [Parental Kidnapping Prevention Act] from exercising jurisdiction over this case." Ronald does not explain why the court was required to make these or any other findings nor does he cite any authority for his position. Point of error two is overruled.

In his third point of error, Ronald argues that the trial court erred by "presumably deferring this case to Arizona without finding that Arizona was both a competent and more appropriate forum that [sic] the State of Texas to make a child custody determination in this case." As part of its order, the trial court stated:

> The Clerk of this Court shall cause a copy of this order to be authenticated and transmitted to the Hon. Frank Galati, Judge, Superior Court of Maricopa County, Arizona, 201 W. Jefferson, Central Court building [sic], 6th Floor, Phoenix, Arizona 85003.

We do not believe the trial court was required to find that Arizona was a more appropriate forum than Texas in order to transmit a copy of its order to an Arizona court. In any event, in its seventh conclusion of law, the trial court expressly declared that "[t]he proper forum concerning matters of custody of JAMES RONALD CARPENTER as well as access to or possession of the child is the State of Arizona." Point of error three is accordingly overruled.

In his fifth point of error, Ronald complains of the trial court's failure to find and designate a more appropriate forum for his lawsuit. Ronald cites to Tex.Fam. Code Ann. § 11.57(a) (Vernon 1986) as sup-

---

1. Excepting minor alterations, the Texas Legislature adopted the UCCJA in its entirety, effective September 1, 1983. *See* Tex.Fam.Code Ann. §§ 11.51–11.75.

2. Ronald's act of taking Jimmy to Texas was not only morally reprehensible but also was crimi-nal. Following the discovery of his whereabouts, Ronald returned to Pennsylvania to answer the charge of custodial interference. Ronald plead guilty to the charge and was placed on seven years probation.

port for his contention. However, § 11.-57(a) requires a court to find that a court of another state is a more appropriate forum only if the Texas court declines to exercise jurisdiction on the ground that it is an inconvenient forum to make a custody determination under the circumstances of the case. While the trial court's seventh conclusion of law does state that Texas would be an inconvenient forum, this was not the primary ground upon which the trial court declined to exercise its jurisdiction in this case. Rather, the court declined to exercise jurisdiction on the basis of § 11.58(b). As stated in its third conclusion of law,

> the Court decline[d] to exercise jurisdiction over the child the subject of this suit, as a result of RONALD LEE CARPENTER'S wrongful and illegal conduct in removing the child from the jurisdiction of Pennsylvania, as well as the wrongful and illegal conduct of RONALD LEE CARPENTER in retaining the child without the consent of PATRICIA ANN (CARPENTER) SCHEIB, the person awarded custody of said child.

Conclusions of law four and five also clearly recite that the court declined to exercise jurisdiction on the basis of § 11.58. Even if the sole ground for the court's refusal to exercise jurisdiction was that Texas was an inconvenient forum, Ronald's fifth point of error would fail for one very obvious reason—the trial court designated Arizona as a more appropriate forum for the lawsuit. Point of error five is overruled.

In his seventh point of error, Ronald contends that the trial court abused its discretion by eliciting inadmissible, improper, and prejudicial evidence in its conduct of the special appearance hearing. The essence of Ronald's complaint is that the trial court's questioning of Ronald and Patricia evidenced a bias against him. We find no error in the trial court's questioning during the hearing. Tex.Fam.Code Ann. § 11.59(b) (Vernon 1986) declares that:

> [t]he court may examine the parties under oath as to details of the information furnished and as to other matters pertinent to the court's jurisdiction and the disposition of the case.

Our examination of the record reveals that while the court may have questioned Ronald more vigorously than it questioned Patricia, the court's questioning was in no way improper. Ronald points us to no specific testimony or evidence that should not have been admitted. In any event, Ronald made no objection during the hearing so as to preserve error concerning any of these complaints. Tex.R.App.P. 52(a). Point of error seven is overruled.

In his eighth point of error, Ronald contends that by declining to exercise jurisdiction, the trial court violated his rights and Jimmy's rights to an open court as guaranteed by Tex. Const. art. I, § 13. In his ninth point of error, Ronald declares that the trial court's action violates both his rights and Jimmy's rights to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and to due course of law under Tex. Const. art. I, § 19. In his tenth point of error, Ronald contends that the trial court's action violated the equal protection clauses of both the United States Constitution and the Texas Constitution. The gravamen of these three points of error is that the trial court's refusal to exercise jurisdiction in this case deprived Ronald and Jimmy of a forum in which to adjudicate their basic relationship. We disagree.

Nothing in the trial court's order can be construed to declare that no other state has jurisdiction over Ronald's suit. In fact, the court's seventh conclusion of law explicitly declares that Arizona is the proper forum for matters concerning Jimmy's custody. The Texas trial court did not deprive Ronald of a forum in which to pursue his grievances. Rather, the court merely followed the dictates of the UCCJA in properly declining to exercise jurisdiction. Points of error eight, nine and ten are overruled.

The order of the trial court declining to exercise jurisdiction in this case is affirmed.