Lee Ann GROSSNICKLE, Relator,

v.

The Honorable Joe CLAYTON, Judge, 6th Judicial District Court, Lamar County, Texas, Respondent.

No. 06–95–0035A–CV.

Court of Appeals of Texas, Texarkana.

Argued May 9, 1995.

Decided May 11, 1995.

Lee Ann Grossnickle, Texarkana, pro se relator.

Edward E. Ellis, Ellis & Clark, Paris, for real party in interest Richard Dean Grossnickle.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Lee Ann Grossnickle seeks a writ of mandamus from this court directing the Honorable Joe Clayton to transfer a suit involving the parent-child relationship to the district court of Bowie County. We conclude that she is entitled to the relief sought and conditionally grant the writ.

Lee Ann Grossnickle and Richard Grossnickle married in 1981 and were divorced in November 1988. Conservatorship of the parties' minor child was a trial issue, but on appeal Lee Ann Grossnickle challenged only the property characterization, valuation, and division portions of the judgment. We reversed the judgment and remanded for a new trial on those issues because Lee Ann Grossnickle was denied a jury trial, which she had timely and properly requested. *Grossnickle v. Grossnickle,* 865 S.W.2d 211, 212 (Tex.App.—Texarkana 1993, no writ). After the second trial, the trial court entered judgment respecting the property in October 1994, from which Lee Ann Grossnickle has duly perfected an appeal. Before and after the judgment, the parties filed various motions seeking ancillary relief.

In January 1995, Richard Grossnickle filed a motion to modify in a suit affecting the parent-child relationship seeking to remove Lee Ann Grossnickle as managing conservator of the parties' child and seeking to have himself appointed as managing conservator. Shortly after being served with the motion to modify, Lee Ann Grossnickle timely filed a motion to transfer the proceedings to Bowie County based upon an affidavit that the parties' child had resided in Bowie County with her mother since January 1989. No controverting affidavit was filed.

The Family Code specifically provides for transfer of venue in parent-child relationship suits when the child has resided in another county for six months. The relevant part of it provides that:

> If a petition for further action concerning the child or a motion to modify or enforce a decree is filed in a court having continuing jurisdiction of the suit, on the timely motion of any party, the court shall transfer the proceeding to the county where venue is proper on the basis of either a supporting uncontroverted affidavit or after a hearing when a controverting affidavit contesting the venue has been filed.

TEX.FAM.CODE ANN. § 11.06(b) (Vernon 1986). Lee Ann Grossnickle timely filed a motion to transfer accompanied by an uncontroverted affidavit. This venue transfer provision, by use of the words "the court shall transfer," is mandatory on its face. *Id.* Furthermore, courts have long held the provision to be mandatory. *Proffer v. Yates,* 734 S.W.2d 671, 672 (Tex.1987); *Cassidy v. Fuller,* 568 S.W.2d 845, 847 (Tex.1978). Likewise, when trial courts have refused to transfer venue in suits affecting the parent-child relationships notwithstanding the mandatory ministerial duty, the writ of mandamus has been available. *Proffer,* 734 S.W.2d at 672; *Cassidy,* 568 S.W.2d at 847. Therefore, the trial court had a ministerial duty to, without a hearing, transfer the suit involving the parent-child relationship to the court of proper jurisdiction.

As alluded to earlier, the divorce proceeding and related matters have been hotly contested, and the judgment dividing the estate

of the parties is pending appeal. The parties have not hesitated to file motions seeking such relief as each of them has deemed appropriate. Upon transfer of this suit to Bowie County, any and all motions relating to it shall be transferred with it. By "this suit" we mean the proceedings seeking to change conservatorship of the child, access to or support of the child, and all matters related to the parent-child relationship, including any pending motions which seek to alter or enforce existing court orders dealing with the parent-child relationship. *See* TEX.FAM.CODE ANN. § 11.01(5) (Vernon Supp.1995) (defining "suit affecting parent-child relationship").

We hold that the trial court violated a mandatory, ministerial duty imposed by law when it failed to transfer the proceeding, styled *In the Interest of Emily Ann Grossnickle, a Child,* to Bowie County. We conditionally grant a writ of mandamus. We assume that Judge Clayton will enter an order severing and transferring the proceeding as to the child, who resides with her mother in Bowie County. The writ of mandamus will issue only in the event the trial court fails to transfer the proceeding in accordance with this opinion.