cv6-211 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00211-CV







George Richard Allen, Relator



v.



The Honorable Charles Ramsay, Respondent







ORIGINAL PROCEEDING FROM CALDWELL COUNTY







PER CURIAM



 George Richard Allen seeks relief against the Honorable Charles Ramsay for Judge
Ramsay's failure to transfer venue of a pending motion to modify a custody order. We will grant
leave to file the petition for writ of mandamus and will grant the writ conditionally.

 George Richard Allen and Michele Marie Allen, the real party in interest, were
divorced on November 10, 1988. The court named Michele sole managing conservator of their
three children who were then one, two, and three years old; George was named possessory
conservator. Michele contends that George paid his child support inconsistently until January
1992, when he stopped paying entirely. In the summer of 1992, Michele's twelve-hour shifts as
a nurse made professional group day-care unavailable and individual day-care too expensive. She
felt compelled to allow the children to stay with their father "temporarily."

 Three years later, George moved to modify the custody order to have himself
named as managing conservator. He moved to transfer venue from the district court in Caldwell
County, which had continuing, exclusive jurisdiction, to the district court in Williamson County. 
George's attorney swore in a supporting affidavit that the children had lived in Williamson County
for more than six months. Michele, in her affidavit, swore that George obtained possession of
the children by coercion and duress and retained possession without her consent.

 At the October 1995 hearing on the motion to transfer, Michele confirmed that the
children had lived with George in Williamson County since June 1992. (1) She testified that she
intended that the children permanently reside with her and never intended for their residence to
be with their father. She did not testify that he took or retained the children by threat, force, or
surprise or that he hid them from her at an undisclosed location. When the court overruled his
motion to transfer, George sought leave to file a petition for writ of mandamus. We denied leave
to file pending the resolution of Michele's petition for writ of habeas corpus by which she sought
to regain possession of the children. The trial court orally denied that motion on February 27,
1996. George then filed this motion for leave file a petition for writ of mandamus.

 Based on these facts, we believe that the trial court lacked the discretion to deny
the transfer of venue. The Family Code provides that: 



If a suit to modify or a motion to enforce an order is filed in the court having
continuing, exclusive jurisdiction of a suit, on the timely motion of a party the
court shall transfer the proceeding to another county in this state if the child has
resided in the other county for six months or longer.



Tex. Fam. Code Ann. § 155.201(b) (West 1996). The code further provides that 



[i]n computing the time during which the child has resided in a county, the court
may not require that the period of residence be continuous and uninterrupted but
shall look to the child's principal residence during the six-month period preceding
the commencement of the suit.



Tex. Fam. Code Ann. § 155.203 (West 1996). Michele unequivocally testified that the children
lived with their father in Williamson County for the previous three years; she did not mention any
interruption in that period in the preceding six months. Her testimony removes any cloud over
the efficacy of the affidavit supporting this petition or the motion to transfer. George was entitled
to the mandatory transfer of venue.

 We decline to interpret the term "resided" in § 155.201(b) so broadly that where
Michele intended for the children to live supplants where they actually lived. She contends that
where the children resided can be determined by intention or volition. She contends that her
intention as managing conservator to have the children live with her controls since she has "the
right to establish the primary residence of the child[ren]." See Tex. Fam. Code Ann.
§ 153.132(1) (West 1996). While the managing conservator has the power to decide where the
children primarily reside, she does not have the power to revise where they resided. The transfer
statute focuses on actual residence rather than theoretical or proposed residence. If we deferred
to a theoretical or proposed residence, we would negate the mandatory transfer statute's salutary
effect of keeping the hearing near where the children live to reduce disruption to their lives; this
is particularly true here where the children have lived more than three years in Williamson County
despite their mother's now-stated intention that they live elsewhere.

 We will not use equitable powers to ignore the statutes. We reject Michele's
attempt to lump this case with kidnapping cases. We do not evaluate her claims that George's
child support deficiencies caused the financial strain that led to the children's residence change,
but note that his behavior in taking the children to his home in a nearby county for three years is
unlike the cases Michele cites in which fathers took their children without the mothers'
knowledge, consent, or acquiescence to undisclosed locations across the country. See Siler v.
Storey, 677 S.W.2d 504 (Tex. 1984); In re Carpenter, 835 S.W.2d 760 (Tex. App.--Amarillo
1992, no writ). Michele does not allege that George did anything of that magnitude. She had and
has remedies available for child support deficits and unauthorized possession of the children.

 These remedies do not alter the admission that the children have resided in
Williamson County for more than three years. We grant leave to file the petition. The records
on file here show a failure to perform the ministerial duty of transferring venue under a mandatory
transfer statute. Mandamus is the appropriate remedy under these circumstances. Proffer v.
Yates, 734 S.W.2d 671, 672-73 (Tex. 1987); see also Grossnickle v. Clayton, 900 S.W.2d 404,
405 (Tex. App.--Texarkana 1995, orig. proceeding). We need not require further briefing and
argument because such would be a needless expense of the parties' time and money. 

 We conditionally grant the writ of mandamus. The writ of mandamus will issue
only if the trial court fails to transfer the proceeding in accordance with this opinion.




Before Chief Justice Carroll, Justices Aboussie and Kidd


Motion for Leave to File Petition for Writ of Mandamus Granted;

  Petition for Writ of Mandamus Conditionally Granted


Filed: June 5, 1996


Do Not Publish
1. The statement of facts of the hearing on the motion to transfer is contained in this
Court's file from Allen's previous attempt to obtain mandamus relief. Allen v. Ramsay,
No. 03-95-00710-CV. We take judicial notice on our own motion of this court's file from that
case.