COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-071-CV
  
  
IN 
THE INTEREST OF S.L.P., A MINOR CHILD
  
------------
 
FROM 
THE 211TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        In 
this suit affecting the parent-child relationship (“SAPCR”), Appellant 
appeals from the trial court’s order granting Appellee’s plea to the 
jurisdiction. We affirm.
Factual and Procedural Background
        In 
August 1990, Appellant, Rosanna Perrigo, and Appellee, Paul Phillips, were 
divorced in the State of Washington. Appellant was awarded primary custody of 
their two daughters, C.A.P. and S.L.P., and moved the children to Nevada in 
early 1991. In November 1993, a Nevada court awarded Appellee custody of the 
girls, finding that Appellant was emotionally abusive to the children and 
interfered with Appellee’s visitation rights. The trial court suspended 
Appellant’s visitation rights for sixty days to allow the children to 
acclimate to their new home with Appellee in the State of Washington, but stated 
that Appellant would be accorded reasonable visitation when the court was 
assured that Appellant would abide by the court’s order. On December 10, 1997, 
the same Nevada court awarded Appellee sole managing conservatorship and found 
Appellant in contempt of court for failing to obtain a previously ordered 
psychological evaluation, failing to abide by court orders as to telephone 
visits with the children, and failing to appear in court. In October 1998, 
Appellee sought to terminate Appellant’s parental rights and she was notified 
by publication in the State of Nevada. After a hearing in which Appellant did 
not participate, the Nevada court terminated Appellant’s parental rights to 
the girls. The court concluded that Appellant abandoned the children and that 
termination of Appellant’s parental rights was in the best interest of the 
children.
        Sometime 
in late November 2000, both children ran away from Appellee’s home and took a 
bus to San Francisco because, according to Appellant and the children, 
Appellee’s wife was mentally and physically abusive. At that time, Appellant 
was in Salt Lake City, and she went to San Francisco to retrieve the children. 
While Appellant claims that she called the police in Connell, Washington to 
notify them that she had the children, Appellee claims that he maintained close 
contact with the Connell police and that they were never able to determine where 
the children were located. According to Appellee, the girls traveled with 
Appellant to thirty-six states and two foreign countries while Appellant worked 
in carnival promotions. Appellee claims that he did not have any contact or 
communication with the children for over two years.
        In 
December 2002, the children were picked up by the sheriff’s office in Denton 
County, and Appellee was notified. Appellant filed a SAPCR seeking sole managing 
conservatorship of the children. Appellee filed a Petition for Writ of Habeas 
Corpus based on the Nevada order that terminated Appellant’s parental rights, 
as well as a special appearance and plea to the jurisdiction in response to 
Appellant’s SAPCR. C.A.P., seventeen years old at the time, filed a Petition 
for Removal of Disabilities of Minority, which was granted by the trial court.
        The 
record reflects that the trial court communicated with Judge Scott Jordan of the 
Second Judicial Court in Washoe, Nevada. Judge Jordan confirmed that 
Appellant’s rights were terminated and informed the court that Nevada has 
continuing jurisdiction with regard to the children and would exercise that 
jurisdiction. Following a bench trial, the court granted Appellee’s special 
appearance and plea to the jurisdiction, determining that it did not have 
personal jurisdiction over Appellee because his domicile was Washington. The 
court declined subject-matter jurisdiction for three reasons:
•The 
State of Nevada maintains continuing jurisdiction concurrent with the State of 
Washington, and Texas courts will give all orders entered by the State of Nevada 
full faith and credit.
 
•Texas 
is an inconvenient forum to make a custody determination under the circumstances 
in this case.
 
•Appellant’s 
and/or the children’s unjustifiable conduct permits the trial court to decline 
jurisdiction.

        On 
February 13, 2003, the trial court held a hearing on Appellee’s Petition for 
Writ of Habeas Corpus, and ordered Appellant to return S.L.P. to Appellee the 
following day. Appellant appeared in court on February 14, 2003, and informed 
the court that S.L.P. was missing. Appellant claims that S.L.P was last seen 
saying goodbye to her friends at the school bus stop on the morning of February 
14.
        In 
Appellant’s sole point, she claims that the trial court improperly sustained 
Appellee’s plea to the jurisdiction. Because the trial court granted 
C.A.P.’s Petition for Removal of Disabilities of Minority, S.L.P. is the only 
child at issue in this case.
Standard of Review
        A 
plea to the jurisdiction is a dilatory plea by which a party contests the trial 
court’s authority to determine the subject matter of the cause of action. Bland 
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial 
court has subject matter jurisdiction is a question of law reviewed under the de 
novo standard. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 
1998); Denton County v. Howard, 22 S.W.3d 113, 118 (Tex. App.—Fort 
Worth 2000, no pet.). As the party seeking to invoke the trial court’s 
jurisdiction, Appellant had the burden to allege facts that affirmatively showed 
the trial court had subject matter jurisdiction over her case. Tex. Ass’n 
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). In 
determining whether jurisdiction exists, we look not to the merits of 
Appellant’s claims, but to the allegations in the pleadings. We accept them as 
true, and construe them in favor of the pleader. County of Cameron v. Brown, 
80 S.W.3d 549, 555 (Tex. 2002); MET-Rx USA, Inc. v. Shipman, 62 S.W.3d 
807, 810 (Tex. App.—Waco 2001, pet. denied). In deciding whether to grant or 
deny a plea to the jurisdiction, the court need not look solely to the pleadings 
but may consider evidence and must do so when necessary to resolve the 
jurisdictional issues raised. Bland Indep. Sch. Dist., 34 S.W.3d at 555. 
Where the pleadings do not affirmatively demonstrate an absence of jurisdiction, 
a liberal construction of the pleadings in favor of jurisdiction is appropriate. 
Cont’l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996).
 Discussion
        Because 
the custody of children is the underlying issue in this case, jurisdiction is 
predicated on the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”), 
which Texas adopted effective September 1, 1999. In re Oates, 104 S.W.3d 
571, 576 (Tex. App.—El Paso 2003, orig. proceeding); Saavedra v. Schmidt, 
96 S.W.3d 533, 540-41 (Tex. App.—Austin 2002, no pet.). Appellant claims that 
this court should evaluate jurisdiction under section 152.201, which sets forth 
when Texas has jurisdiction to make an initial child custody determination. Tex. Fam. Code Ann. § 152.201 (Vernon 2002). The UCCJEA 
defines “initial determination” as “the first child custody determination 
concerning a particular child.” Id. § 152.102(8). Appellant, however, 
acknowledges in her brief that Nevada has made custody determinations regarding 
S.L.P. Thus, section 152.203 addressing the modification of a child custody 
determination made by another state, applies.
        Texas 
courts can modify orders affecting the parent-child relationship from other 
states if:
•Texas 
would have jurisdiction to make an initial determination under either UCCJEA 
section 152.201(a)(1) or (2), and
 
•neither 
the child, her parents, nor any person acting as parent reside in the state of 
the order to be modified.

Id. 
§ 152.203; Davis v. Guerrero, 64 S.W.3d 685, 689 (Tex. App.—Austin 
2002, no pet.). Under this two-prong analysis, we first examine whether Texas 
would have jurisdiction to make an initial determination of custody under either 
section 152.201(a)(1) or (2), recognizing that Texas only needs to meet one of 
the subsections of 152.201 in order to satisfy the first prong. Tex. Fam. Code Ann. § 152.201(a)(1)-(2). Those 
subsections allow Texas to make initial custody determinations when:
(1) 
this state is the home state of the child on the date of the commencement of the 
proceeding, or was the home state of the child within six months before the 
commencement of the proceeding and the child is absent from this state but a 
parent or person acting as a parent continues to live in this state;
 
(2) 
a court of another state does not have jurisdiction under Subdivision (1), or a 
court of the home state of the child has declined to exercise jurisdiction on 
the ground that this state is the more appropriate forum under Section 152.207 
or 152.208, and:
 
(A) 
the child and the child’s parents, or the child and at least one parent or a 
person acting as a parent, have a significant connection with this state other 
than mere physical presence; and
 
(B) 
substantial evidence is available in this state concerning the child’s care, 
protection, training, and personal relationships.

Id.
 
        Under 
section 152.201(a)(1), Texas has jurisdiction to make an initial child custody 
determination if it is S.L.P.’s home state. S.L.P.’s home state is “the 
state in which [she] lived with a parent or a person acting as a parent for at 
least six consecutive months immediately before the commencement of a child 
custody proceeding.” Id. § 152.102(7). S.L.P. resided with Appellant, 
a person acting as a parent, in the State of Texas for over six consecutive 
months. Texas is S.L.P.’s home state and therefore meets the first prong for 
jurisdiction to modify Nevada’s child custody determination. Texas 
additionally meets the second requirement for jurisdiction to modify a child 
custody determination because the parties, as well as S.L.P., do not presently 
reside in Nevada—the state that made the initial custody determination. 
Appellant and S.L.P. currently reside in Texas and Appellee resides in the State 
of Washington. Texas, therefore, has jurisdiction to modify Nevada’s custody 
determination under section 152.203. Although section 152.203 grants Texas the 
power to exercise jurisdiction over this case, it does not require the trial 
court to exercise that power. Id. § 152.203. In deciding whether to 
exercise this right, the UCCJEA gives the trial court discretion to decline 
jurisdiction if it determines that Texas is an inconvenient forum. Id. § 
152.207. Furthermore, the UCCJEA mandates that the trial court “shall” 
decline jurisdiction when the party seeking to invoke jurisdiction has engaged 
in unjustifiable conduct. Id. § 152.208. The trial court exercised its 
rights under the UCCJEA and declined jurisdiction under both the inconvenient 
forum and unjustifiable conduct provisions of the Act. See id. §§ 
152.207-.208. Because the unjustifiable provision is mandatory, as opposed to 
discretionary, we first examine the trial court’s decision to decline 
jurisdiction based on the conduct of Appellant.
        Section 
152.208, entitled “Jurisdiction Declined by Reason of Conduct,” states:
if 
a court of this state has jurisdiction under this chapter because a person 
seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the 
court shall decline to exercise its jurisdiction unless:
 
(1) 
the parents and all persons acting as parents have acquiesced in the exercise of 
jurisdiction;
 
(2) 
a court of the state otherwise having jurisdiction . . . determines that this 
state is a more appropriate forum under Section 152.207; or
 
(3) 
no court of any other state would have jurisdiction . . . .

Id. 
§ 152.208(a). The Commissioners’ comment to the UCCJEA states that the 
purpose of section 152.208 is to ensure that when parents “act in a 
reprehensible manner, such as removing, secreting, retaining, or restraining the 
child,” they will not receive an advantage for their unjustifiable conduct. Id. 
§ 152.208; John J. Sampson, et al., 
Texas Family Code Annotated § 152.208 cmt. (12th ed. 
2002).
        Appellant 
is the party seeking to invoke the trial court’s jurisdiction. Therefore, it 
is Appellant’s conduct that is examined under the standard set forth in the 
unjustifiable conduct provision. The record reflects that Appellant’s 
pleadings in the trial court failed to apprise the court that she had 
participated in previous court proceedings regarding the custody of S.L.P. or 
that her parental rights had been terminated by the State of Nevada. When the 
children ran away, Appellant picked them up in San Francisco and chose not to 
return them to Appellee in violation of the Nevada 1993 custody determination 
and Texas law prohibiting interference with child custody.[1]  
These violations, which continued for over two years, are the only reason 
Appellant was able to keep S.L.P. in Texas for six months and thereby establish 
Texas as S.L.P.’s home state. This type of conduct falls squarely within the 
provision of section 152.208 in that Texas acquired jurisdiction under the 
UCCJEA only because Appellant engaged in unjustifiable conduct. Tex. Fam. Code Ann. § 152.208; In re Carpenter, 
835 S.W.2d 760, 761 (Tex. App.—Amarillo 1992, no writ) (father’s wrongful 
and illegal conduct in retaining a child without the consent of the person 
awarded custody of the child precluded district court from exercising 
jurisdiction in father’s action to modify a Pennsylvania custody decree). The 
UCCJEA requires Texas courts to recognize child custody determinations made by 
other states in order to fulfill one of the major purposes of the UCCJEA, which 
is to provide a remedy for interstate custody battles. In the Commissioners’ 
official prefatory note to the UCCJEA, the authors of the Act noted that when 
one parent “leave[s] the state where the custody determination was made, the 
other parent faces considerable difficulty in enforcing the visitation and 
custody provisions of the decree. Locating the child, making service of process, 
and preventing adverse modification in a new forum all present problems.” Sampson, supra, at 467.
        Because 
section 152.208 states that the court “shall” decline to exercise its 
jurisdiction in cases of unjustifiable conduct, the UCCJEA does not permit the 
trial court to exercise jurisdiction over this case. Tex. Fam. Code Ann. § 152.208. We therefore hold that 
the trial court did not err in granting Appellee’s plea to the jurisdiction. 
As a result, we do not address whether Texas was a convenient forum under 
section 152.207 of the Texas Family Code.
Conclusion
        We 
overrule Appellant’s sole point and affirm the trial court’s judgment.
 
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
  
  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: 
November 26, 2003


NOTES
1. 
Section 25.03 of the penal code states that a person commits the offense of 
interference with child custody “if the person takes or retains a child 
younger than 18 years when the person: (1) knows that the person’s taking or 
retention violates the express terms of a judgment or order of a court disposing 
of the child’s custody.” Tex. Penal 
Code Ann. § 25.03(a)(1) (Vernon 2003).