**In the Interest of S.L.P.,
· a Minor Child.**

**No. 2–03–071–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 26, 2003.

William E. Trantham, Denton, for appellant.

Georganna L. Simpson, Dallas, for appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

In this suit affecting the parent-child relationship ("SAPCR"), Appellant appeals from the trial court's order granting Appellee's plea to the jurisdiction. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 1990, Appellant, Rosanna Perrigo, and Appellee, Paul Phillips, were divorced in the State of Washington. Appellant was awarded primary custody of their two daughters, C.A.P. and S.L.P., and moved the children to Nevada in early 1991. In November 1993, a Nevada court awarded Appellee custody of the girls, finding that Appellant was emotionally abusive to the children and interfered with Appellee's visitation rights. The trial court suspended Appellant's visitation rights for sixty days to allow the children to acclimate to their new home with Appellee in the State of Washington, but stated that Appellant would be accorded reasonable visitation when the court was assured that Appellant would abide by the court's order. On December 10, 1997, the same Nevada court awarded Appellee sole managing conservatorship and found Appellant in contempt of court for failing to obtain a previously ordered psychological evaluation, failing to abide by court orders as to telephone visits with the children, and failing to appear in court. In October 1998, Appellee sought to terminate Appellant's parental rights and she was notified by publication in the State of Nevada. After a hearing in which Appellant did not participate, the Nevada court terminated Appellant's parental rights to the girls. The court concluded that Appellant abandoned the children and that termination of Appellant's parental rights was in the best interest of the children.

Sometime in late November 2000, both children ran away from Appellee's home and took a bus to San Francisco because, according to Appellant and the children, Appellee's wife was mentally and physically abusive. At that time, Appellant was in Salt Lake City, and she went to San Francisco to retrieve the children. While Appellant claims that she called the police in Connell, Washington to notify them that she had the children, Appellee claims that he maintained close contact with the Connell police and that they were never able to determine where the children were located. According to Appellee, the girls traveled with Appellant to thirty-six states and two foreign countries while Appellant worked in carnival promotions. Appellee claims that he did not have any contact or communication with the children for over two years.

In December 2002, the children were picked up by the sheriff's office in Denton County, and Appellee was notified. Appellant filed a SAPCR seeking sole managing conservatorship of the children. Appellee

filed a Petition for Writ of Habeas Corpus based on the Nevada order that terminated Appellant's parental rights, as well as a special appearance and plea to the jurisdiction in response to Appellant's SAPCR. C.A.P., seventeen years old at the time, filed a Petition for Removal of Disabilities of Minority, which was granted by the trial court.

The record reflects that the trial court communicated with Judge Scott Jordan of the Second Judicial Court in Washoe, Nevada. Judge Jordan confirmed that Appellant's rights were terminated and informed the court that Nevada has continuing jurisdiction with regard to the children and would exercise that jurisdiction. Following a bench trial, the court granted Appellee's special appearance and plea to the jurisdiction, determining that it did not have personal jurisdiction over Appellee because his domicile was Washington. The court declined subject-matter jurisdiction for three reasons:

- The State of Nevada maintains continuing jurisdiction concurrent with the State of Washington, and Texas courts will give all orders entered by the State of Nevada full faith and credit.
- Texas is an inconvenient forum to make a custody determination under the circumstances in this case.
- Appellant's and/or the children's unjustifiable conduct permits the trial court to decline jurisdiction.

On February 13, 2003, the trial court held a hearing on Appellee's Petition for Writ of Habeas Corpus, and ordered Appellant to return S.L.P. to Appellee the following day. Appellant appeared in court on February 14, 2003, and informed the court that S.L.P. was missing. Appellant claims that S.L.P. was last seen saying goodbye to her friends at the school bus stop on the morning of February 14.

In Appellant's sole point, she claims that the trial court improperly sustained Appellee's plea to the jurisdiction. Because the trial court granted C.A.P.'s Petition for Removal of Disabilities of Minority, S.L.P. is the only child at issue in this case.

## STANDARD OF REVIEW

■■■ A plea to the jurisdiction is a dilatory plea by which a party contests the trial court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law reviewed under the *de novo* standard. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *Denton County v. Howard*, 22 S.W.3d 113, 118 (Tex.App.-Fort Worth 2000, no pet.). As the party seeking to invoke the trial court's jurisdiction, Appellant had the burden to allege facts that affirmatively showed the trial court had subject matter jurisdiction over her case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). In determining whether jurisdiction exists, we look not to the merits of Appellant's claims, but to the allegations in the pleadings. We accept them as true, and construe them in favor of the pleader. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *MET–Rx USA, Inc. v. Shipman*, 62 S.W.3d 807, 810 (Tex.App.-Waco 2001, pet. denied). In deciding whether to grant or deny a plea to the jurisdiction, the court need not look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. Where the pleadings do not affirmatively demonstrate an absence of jurisdiction, a liberal construction of the pleadings in favor of jurisdiction is appro-

priate. *Cont'l Coffee Prods. Co. v. Caza-rez,* 937 S.W.2d 444, 449 (Tex.1996).

## DISCUSSION

■ Because the custody of children is the underlying issue in this case, jurisdiction is predicated on the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which Texas adopted effective September 1, 1999. *In re Oates,* 104 S.W.3d 571, 576 (Tex.App.-El Paso 2003, orig. proceeding); *Saavedra v. Schmidt,* 96 S.W.3d 533, 540–41 (Tex.App.-Austin 2002, no pet.). Appellant claims that this court should evaluate jurisdiction under section 152.201, which sets forth when Texas has jurisdiction to make an initial child custody determination. TEX. FAM.CODE ANN. § 152.201 (Vernon 2002). The UCCJEA defines "initial determination" as "the first child custody determination concerning a particular child." *Id.* § 152.102(8). Appellant, however, acknowledges in her brief that Nevada has made custody determinations regarding S.L.P. Thus, section 152.203 addressing the modification of a child custody determination made by another state, applies.

Texas courts can modify orders affecting the parent-child relationship from other states if:

- Texas would have jurisdiction to make an initial determination under either UCCJEA section 152.201(a)(1) *or* (2), and
- neither the child, her parents, nor any person acting as parent reside in the state of the order to be modified.

*Id.* § 152.203; *Davis v. Guerrero,* 64 S.W.3d 685, 689 (Tex.App.-Austin 2002, no pet.). Under this two-prong analysis, we first examine whether Texas would have jurisdiction to make an initial determination of custody under either section 152.201(a)(1) or (2), recognizing that Texas only needs to meet one of the subsections

of 152.201 in order to satisfy the first prong. TEX. FAM.CODE ANN. § 152.201(a)(1)-(2). Those subsections allow Texas to make initial custody determinations when:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:

(A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

*Id.*

■ Under section 152.201(a)(1), Texas has jurisdiction to make an initial child custody determination if it is S.L.P.'s home state. S.L.P.'s home state is "the state in which [she] lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* § 152.102(7). S.L.P. resided with Appellant, a person acting as a parent, in the State of Texas for over six consecutive months. Texas is S.L.P.'s home state and therefore meets the first prong for jurisdiction to modify Nevada's child custody

determination. Texas additionally meets the second requirement for jurisdiction to modify a child custody determination because the parties, as well as S.L.P., do not presently reside in Nevada—the state that made the initial custody determination. Appellant and S.L.P. currently reside in Texas and Appellee resides in the State of Washington. Texas, therefore, has jurisdiction to modify Nevada's custody determination under section 152.203. Although section 152.203 grants Texas the power to exercise jurisdiction over this case, it does not require the trial court to exercise that power. *Id.* § 152.203. In deciding whether to exercise this right, the UCCJEA gives the trial court discretion to decline jurisdiction if it determines that Texas is an inconvenient forum. *Id.* § 152.207. Furthermore, the UCCJEA mandates that the trial court "shall" decline jurisdiction when the party seeking to invoke jurisdiction has engaged in unjustifiable conduct. *Id.* § 152.208. The trial court exercised its rights under the UCCJEA and declined jurisdiction under both the inconvenient forum and unjustifiable conduct provisions of the Act. *See id.* §§ 152.207–.208. Because the unjustifiable provision is mandatory, as opposed to discretionary, we first examine the trial court's decision to decline jurisdiction based on the conduct of Appellant.

Section 152.208, entitled "Jurisdiction Declined by Reason of Conduct," states:

> if a court of this state has jurisdiction under this chapter because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction unless:

> (1) the parents and all persons acting as parents have acquiesced in the exercise of jurisdiction;

> (2) a court of the state otherwise having jurisdiction ... determines that this state is a more appropriate forum under Section 152.207; or

> (3) no court of any other state would have jurisdiction....

*Id.* § 152.208(a). The Commissioners' comment to the UCCJEA states that the purpose of section 152.208 is to ensure that when parents "act in a reprehensible manner, such as removing, secreting, retaining, or restraining the child," they will not receive an advantage for their unjustifiable conduct. *Id.* § 152.208; JOHN J. SAMPSON, ET AL., TEXAS FAMILY CODE ANNOTATED § 152.208 cmt. (12th ed.2002).

Appellant is the party seeking to invoke the trial court's jurisdiction. Therefore, it is Appellant's conduct that is examined under the standard set forth in the unjustifiable conduct provision. The record reflects that Appellant's pleadings in the trial court failed to apprise the court that she had participated in previous court proceedings regarding the custody of S.L.P. or that her parental rights had been terminated by the State of Nevada. When the children ran away, Appellant picked them up in San Francisco and chose not to return them to Appellee in violation of the Nevada 1993 custody determination and Texas law prohibiting interference with child custody.[1] These violations, which continued for over two years, are the only reason Appellant was able to keep S.L.P. in Texas for six months and thereby establish Texas as S.L.P.'s home state. This type of conduct falls squarely within the provision of section 152.208 in that Texas

---

1. Section 25.03 of the penal code states that a person commits the offense of interference with child custody "if the person takes or retains a child younger than 18 years when the person: (1) knows that the person's taking or retention violates the express terms of a judgment or order of a court disposing of the child's custody." TEX. PENAL CODE ANN. § 25.03(a)(1) (Vernon 2003).

acquired jurisdiction under the UCCJEA only because Appellant engaged in unjustifiable conduct. TEX. FAM.CODE ANN. § 152.208; *In re Carpenter*, 835 S.W.2d 760, 761 (Tex.App.-Amarillo 1992, no writ) (father's wrongful and illegal conduct in retaining a child without the consent of the person awarded custody of the child precluded district court from exercising jurisdiction in father's action to modify a Pennsylvania custody decree). The UCCJEA requires Texas courts to recognize child custody determinations made by other states in order to fulfill one of the major purposes of the UCCJEA, which is to provide a remedy for interstate custody battles. In the Commissioners' official prefatory note to the UCCJEA, the authors of the Act noted that when one parent "leave[s] the state where the custody determination was made, the other parent faces considerable difficulty in enforcing the visitation and custody provisions of the decree. Locating the child, making service of process, and preventing adverse modification in a new forum all present problems." SAMPSON, *supra*, at 467.

Because section 152.208 states that the court "shall" decline to exercise its jurisdiction in cases of unjustifiable conduct, the UCCJEA does not permit the trial court to exercise jurisdiction over this case. TEX. FAM.CODE ANN. § 152.208. We therefore hold that the trial court did not err in granting Appellee's plea to the jurisdiction. As a result, we do not address whether Texas was a convenient forum under section 152.207 of the Texas Family Code.

## CONCLUSION

We overrule Appellant's sole point and affirm the trial court's judgment.