**In re Regina PRESLEY.**

No. 09–05–118 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 20, 2005.

Decided June 16, 2005.

Ruby Bolton, Bolton & Bolton, Tomball, for relator.

Aaron Presley, pro se, Montgomery, for real party in interest.

Before GAULTNEY, KREGER, and HORTON, JJ.

**OPINION**

CHARLES KREGER, Justice.

Relator, Regina Presley, requests this Court to issue a writ of mandamus directing The Honorable Suzanne Stovall, Judge of the 221st District Court of Montgomery County, Texas, to dismiss Cause No. 04–09–07870–CV, titled *In the Matter of The Marriage of Aaron H. Presley and Regina Presley,* because a proceeding concerning the same matters is currently pending in a court in Florida. Relator argues that the Montgomery County court is without jurisdiction to entertain this matter. Along with her petition for mandamus relief, re-

lator moved the Court to stay all proceedings in the trial court pending our ruling on the mandamus action. We granted her motion, and on April 20, 2005, this Court stayed the proceedings and ordered the real party in interest, Aaron H. Presley, to file a response to relator's petition. We now conditionally grant the writ.

In 2004, Aaron and Regina Presley moved from South Carolina to Florida. Regina claims the relocation occurred on February 25 and the record contains an application for public housing in Jacksonville, Florida, dated March 9. Aaron does not provide a specific date for the move but states a house was rented in Florida on March 21. On May 14, Aaron took the children to Magnolia, Texas. According to Regina, she did not learn her children's whereabouts until September 1. Regina then filed suit in Duval County, Florida, on September 17. Aaron filed suit in Montgomery County, Texas, on September 28. The Texas court entered protective orders on October 7.

Regina filed a Plea in Abatement, which the Texas court denied. Regina then filed a Plea to the Jurisdiction, which was also denied. In her petition to this court, Regina asks we order the Texas court to vacate its order denying her plea to the jurisdiction, order the Texas court to grant her plea and dismiss the case for want of jurisdiction. Alternatively, Regina prays we direct the Texas court to refuse to exercise jurisdiction pursuant to Tex. Fam. Code Ann. § 152.208 (Vernon 2002), or contact the Florida court, as required by Tex. Fam.Code Ann. § 152.206 (Vernon 2002).

 We first note that mandamus is appropriate when a Texas court has as-

serted jurisdiction over a child custody matter contrary to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Tex. Fam.Code Ann. §§ 152.101–.317 (Vernon 2002 & Supp. 2005). *See In re McCoy,* 52 S.W.3d 297, 301 (Tex.App.-Corpus Christi 2001, orig. proceeding) (and authorities cited therein). Under the UCCJEA, the Texas trial court is proscribed from exercising its jurisdiction [1] (1) if "at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter...." Tex. Fam. Code Ann. § 152.206(a). The record reflects that when Aaron filed suit in Texas, a proceeding concerning custody had been commenced in Florida and the Florida court has jurisdiction consistent with the UCCJEA. It provides:

§ 152.201. Initial Child Custody Jurisdiction

(a) Except as otherwise provided in Section 152.204, a court of this state has jurisdiction to make an initial child custody determination only if:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more

1. Except as otherwise provided by section 152.204, which affords a court of this state temporary emergency jurisdiction in certain circumstances. *See* Tex. Fam.Code Ann. § 152.204 (Vernon 2002).

appropriate forum under Section 152.207 or 152.208, and:

(A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

Tex. Fam.Code Ann. § 152.201(a) (Vernon 2002). When suit was filed, there was no "home state." See Tex. Fam.Code Ann. § 152.102(7) (Vernon 2002). The children were only in Florida three months before Aaron took them to Texas. When Aaron filed suit in Texas, he and the children had lived in the state, at most, only four months. Therefore, neither Florida nor Texas was the home state. *See also In re Oates,* 104 S.W.3d 571, 577 (Tex.App.-El Paso 2003, orig. proceeding). While both states may have significant connection jurisdiction under section 152.201(a)(2), suit was filed first in Florida. Accordingly, section 152.206(a) controls and the Texas court could not exercise jurisdiction unless the Florida proceeding had been terminated or stayed by the Florida court because Texas is a more convenient forum. *See* Tex. Fam.Code Ann. § 152.206(a). The Texas court was required to stay its proceeding and communicate with the Florida court, and unless the Florida court determines the Texas court is a more appropri-ate forum, the Texas court is required to dismiss the proceeding. *See* Tex. Fam. Code Ann. § 152.206(b).

Citing *In re Brilliant,* 86 S.W.3d 680 (Tex.App.-El Paso 2002, orig. proceeding), Aaron contends the Texas court should decide whether it is appropriate for Texas to exercise jurisdiction on the basis of significant connections. *Brilliant* is inapposite to the case at bar. As the court recognized, the Texas proceeding was filed first, when all parties resided in Texas, and therefore section 152.206 did not apply. *Id.* at 690. Here, the Florida proceeding was filed first, and "in a court ... having jurisdiction substantially in accordance with this chapter...." Tex. Fam. Code Ann. § 152.206(a), (b). Accordingly, the Texas court "may not exercise its jurisdiction" unless the Florida court determines Texas is a more convenient forum and stays its proceeding. Tex. Fam.Code Ann. § 152.206(a).

▮ Regina argued to the Texas court in both the plea in abatement and plea to the jurisdiction that it should decline jurisdiction because Aaron had engaged in unjustifiable conduct. The UCCJEA mandates that the trial court shall decline jurisdiction when the party seeking to invoke jurisdiction has engaged in unjustifiable conduct. *See In re S.L.P.,* 123 S.W.3d 685, 689 (Tex.App.-Fort Worth 2003, orig. proceeding) (citing Tex. Fam. Code Ann. § 152.208). The purpose of section 152.208 "is to ensure that when parents 'act in a reprehensible manner, such as removing, secreting, retaining, or restraining the child,' they will not receive an advantage for their unjustifiable conduct." *Id.* (quoting Tex. Fam.Code Ann. § 152.208). As the court noted in *Lewin,* "[t]o allow a parent to deliberately secrete a child to Texas for the purpose of obtaining a child custody determination in the state would make a mockery of the stat-

ute." *In re Lewin,* 149 S.W.3d 727, 740 (Tex.App.-Austin 2004, orig. proceeding) (citations omitted).

Regina identified two acts by Aaron: (1) his pleadings in the Texas court failed to apprise the court a proceeding had been commenced in Florida, and (2) he took the children without her knowledge or consent. The record reflects Regina's first assertion is correct. As to the second, Aaron claims Regina knew the children were in Texas. Further, Aaron made allegations about Regina's conduct in an apparent attempt to justify his conduct. The record before this court does not conclusively establish Regina's version of events. We are therefore unable to say the Texas court abused its discretion in denying Regina's pleas on that ground. Should further evidence be adduced that establishes Aaron's conduct was unjustifiable, we presume the Texas court would act in accordance with the UCCJEA.

For the reasons set forth above, we conditionally grant relief. The writ of mandamus will issue only if the trial court does not stay its proceedings and communicate with the Florida court.[2] All other relief requested by relator is denied.

WRIT CONDITIONALLY GRANTED.

2. This does not operate to prohibit the exercise of the trial court's temporary emergency jurisdiction pursuant to Tex. Fam.Code Ann.

§ 152.204 (Vernon 2002). *See In Interest of M.G.M.,* 163 S.W.3d 191, 196–99 (Tex.App.-Beaumont, 2005, no pet. h.).