**AFFIRM; and Opinion Filed January 30, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01181-CV

### IN THE INTEREST OF P.M.K., A MINOR CHILD

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-51588-2015**

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Fillmore

This case involves suits filed on the same day in Texas and Louisiana by P.M.K.'s parents, Mother and Father, seeking an initial child custody determination. *See* TEX. FAM. CODE ANN. § 152.201(a) (West 2014); LA. STAT. ANN. § 13:1813(A) (West 2007). The trial court determined Texas was P.M.K.'s "home state," *see* TEX. FAM. CODE ANN. § 152.102(7); LA. STAT. ANN. § 13:1802(7)(a), and it had jurisdiction over the child custody dispute, but declined to exercise its jurisdiction after finding Texas was an inconvenient forum and Louisiana was a more appropriate forum. *See* TEX. FAM. CODE ANN. § 152.207; LA. STAT. ANN. § 13:1819. In three issues, Father contends the trial court erred by (1) determining Texas was an inconvenient forum, Louisiana was a more appropriate forum, and Louisiana could exercise jurisdiction over the child custody determination, and (2) failing to find Mother engaged in unjustifiable conduct by moving P.M.K. to Louisiana. We affirm the trial court's order.

## Background[1]

P.M.K was born in Arizona in 2014. In January 2015, Father, Mother, and P.M.K. moved to Plano, Texas. Mother and P.M.K. moved to Lake Charles, Louisiana, on March 19, 2015. On March 20, 2015, Father filed a suit affecting the parent-child relationship in the 219th Judicial District Court in Collin County, Texas (the trial court), requesting the parties be named joint managing conservators, he be given the right to determine P.M.K.'s domicile, and Mother be ordered to pay child support. That same day, Mother filed a petition to establish custody and visitation in the 14th Judicial District Court of Calcasieu Parish, Louisiana (the Louisiana court), requesting that she be designated the domiciliary parent of P.M.K, with Father having custodial access. In the Texas case, Mother filed a special appearance, plea to the jurisdiction, and request that the trial court decline jurisdiction because Louisiana was a more appropriate forum.

The trial court and the Louisiana court held a combined telephonic evidentiary hearing on May 21, 2015, on the issue of whether Texas or Louisiana had jurisdiction over the initial child custody determination pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (the UCCJEA). *See* TEX. FAM. CODE ANN. §§ 152.001–.317 (West 2014); LA. STAT. ANN. §§ 13:1801–.1839 (West 2007). Both parties were allowed the opportunity to present evidence and examine witnesses, and the proceedings were recorded by court reporters for both courts. Both courts signed a June 23, 2015 Order Determining Exclusive, Continuing Jurisdiction in Texas pursuant to the UCCJEA that determined: (1) Louisiana was not P.M.K.'s home state because the child had not lived in Louisiana for six consecutive months immediately prior to the commencement of the proceeding in Louisiana; (2) Texas was P.M.K.'s home state; and (3) Texas was the appropriate state to exercise jurisdiction over the child custody proceeding.

---

[1] The following facts are taken from the trial court's orders and from the parties' pleadings to the extent the facts are undisputed.

The June 23, 2015 order stated, however, that "at the request of the Louisiana [court] and concurrence by [the trial court],"[2] the two courts also considered, "by reviewing all relevant factors presented by the parties, including statutory factors," *see* TEX. FAM. CODE ANN. § 152.207(b); LA. STAT. ANN. § 13:1819(B), whether Texas was an inconvenient forum for the litigation and found:

> While most of the statutory factors did not weigh in favor of one Court over the other, the child had resided for a longer period of time in Texas prior to the filings of both Mother and Father. However, the Mother and child, [P.M.K.], have significant ties to the state of Louisiana, as well as the location of witnesses and evidence is in Louisiana. Further, Father is in a much better financial situation to be able to engage in litigation in Louisiana than Mother is to participate in Texas litigation. Both Courts can provide an expeditious hearing and have some familiarity with the issues as both Judges having [sic] presided at this hearing.

The trial court, therefore, declined to exercise its jurisdiction because Louisiana was "the more appropriate forum to have jurisdiction over the case, parties, and the child of the parties, [P.M.K.], under the [UCCJEA]."

Father filed a motion for rehearing and a motion for new trial asserting newly discovered evidence.[3] The trial court and the Louisiana court held a combined telephonic evidentiary hearing on Father's motion for new trial on August 25, 2015. The parties were given the opportunity to present evidence and examine witnesses, and the proceedings were again recorded by court reporters for both courts. In a joint order, the two courts denied the motion for new trial.

On appeal, Father failed to make payment arrangements for the reporter's record and, on November 30, 2015, we ordered Father to provide, no later than December 7, 2015, written

---

[2] Although Mother had requested the trial court decline to exercise its jurisdiction because Texas was an inconvenient forum and Louisiana was a more appropriate forum, the June 23, 2015 order reflects the trial court considered whether it was an inconvenient forum based on the request of the Louisiana court and on its own motion. *See* TEX. FAM. CODE ANN. § 152.207(a) ("The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court."); *see also* LA. STAT. ANN. § 13:1819(A).

[3] Father also filed a request for findings of fact and conclusions of law in the Texas case. The trial court determined the request was untimely and declined to make findings of fact and conclusions of law. Father has not complained in this appeal about the trial court's failure to make findings of fact and conclusions of law.

verification that he had either paid or made arrangement to pay for the reporter's record or been found entitled to proceed without payment of costs. We cautioned Father that his failure to pay or make arrangements to pay for the reporter's record would result in the appeal being submitted without the reporter's record. The court reporter of the trial court informed this Court on December 1, 2015, that three court reporters[4] were involved in transcribing the proceedings, she had sent a request for payment for the reporter's record to Father's attorney, and no payment had been received.

Father requested an extension of time to obtain the reporter's record, stating he had been unsuccessful in obtaining payment information from the court reporters. We granted Father's motion and, on December 10, 2015, ordered the court reporter of the trial court "to coordinate with the other reporters and ensure [Father] is informed of the cost of all records he has requested so that payment can be made and those records filed no later than January 19, 2015." In a January 13, 2016 letter, the court reporter for the trial court informed this Court that she contacted the court reporter of the Louisiana court and was told that reporter had provided Father's counsel with a cost estimate for the record on December 18, 2015. Neither court reporter had received payment for the record. On January 27, 2016, we ordered this appeal submitted without a reporter's record.

### Determination Louisiana Is More Appropriate Forum

In his first issue, Father initially contends the trial court erred by allowing the Louisiana Court to determine Texas was an inconvenient forum. The parties filed child custody proceedings in Texas and Louisiana on the same day. *See* TEX. FAM. CODE ANN. § 152.206 (addressing simultaneous child custody proceedings); LA. STAT. ANN. § 13:1818. The trial court

---

[4] In addition to the official court reporters for the trial court and the Louisiana court, a substitute court reporter recorded a temporary orders hearing in the Texas case.

was, therefore, statutorily required to communicate with the Louisiana court regarding the two proceedings. *See* TEX. FAM. CODE ANN. § 152.206(b); *see also* LA. STAT. ANN. § 13:1818(B). The two courts chose to communicate by holding a combined telephonic hearing on the jurisdictional issue, and there is nothing in the appellate record that reflects Father complained about this procedure. Following the hearing, the trial court and the Louisiana court issued a joint order determining that Texas was P.M.K.'s home state and had jurisdiction over the custody proceeding. The two courts, at the request of the Louisiana court and with the concurrence of the trial court, then proceeded to consider the issue of whether Texas was an inconvenient forum.

We agree with Father that, because Texas was P.M.K.'s home state, it was for the trial court to decide if Louisiana was the more appropriate forum. *See Powell v. Stover*, 165 S.W.3d 322, 328 (Tex. 2005) (orig. proceeding) (question of whether state was more appropriate forum must be made by a court in child's home state). However, the trial court fulfilled that responsibility by signing the June 23, 2015 order determining Texas was an inconvenient forum and Louisiana was a more appropriate forum, and declining to exercise its jurisdiction over this child custody proceeding. We cannot conclude the trial court failed to make this determination simply because the order was also signed by the Louisiana court. To the extent Father complains the trial court improperly allowed the Louisiana court to determine Texas was an inconvenient forum, we resolve his first issue against him.

### Inconvenient Forum

In the remainder of his first issue and in his second issue, Father argues the trial court erred by determining Louisiana had jurisdiction over the dispute, Texas was an inconvenient forum, and Louisiana was the more appropriate forum. We review a trial court's determination that it is an inconvenient forum under the UCCJEA for an abuse of discretion. *Barabarawi v. Rayyan*, 406 S.W.3d 767, 774 (Tex. App.—Houston [14th Dist.] 2013, no pet.). A trial court

abuses its discretion when it acts without reference to any guiding rules and principles, or acted arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *In re Brown*, No. 14-12-00641-CV, 2012 WL 3264407, at *2 (Tex. App.—Houston [14th Dist.] Aug. 8, 2012, orig. proceeding [mand. denied]) (per curiam).

"The UCCJEA governs jurisdiction over child custody issues between Texas and other states." *Lesem v. Mouradian*, 445 S.W.3d 366, 372 (Tex. App.—Houston [1st Dist.] 2013, no pet.). It is the "exclusive jurisdictional basis for making a child-custody determination by a court of this state." TEX. FAM. CODE ANN. § 152.201(a), (b); *see also Waltenburg v. Waltenburg*, 270 S.W.3d 308, 313 (Tex. App.—Dallas 2008, no pet.). As relevant to this case, the UCCJEA provides that Texas has jurisdiction to make an initial child custody determination if it was the home state of the child on the date of the commencement of the proceeding. TEX. FAM. CODE ANN. § 152.201(a)(1); *Lesem*, 445 S.W.3d at 372.

However, a Texas court that has jurisdiction over a child custody proceeding may decline to exercise its jurisdiction "if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." TEX. FAM. CODE ANN. § 152.207(a); *see also Lesem*, 445 S.W.3d at 372. In conducting this analysis, the court must consider whether it is appropriate for the court of another state to exercise jurisdiction. TEX. FAM. CODE ANN. § 152.207(b); *Lesem*, 445 S.W.3d at 372. In making this determination, the court "shall allow the parties to submit information and shall consider all relevant factors" including: (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; (2) the length of time the child has resided outside the state; (3) the distance between the court in this state and the court in the state that would assume jurisdiction; (4) the relative financial circumstances of the parties; (5) any agreement of the parties as to which state should assume jurisdiction; (6) the nature and location

of the evidence required to resolve the pending litigation, including testimony of the child; (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (8) the familiarity of the court of each state with the facts and issues in the pending litigation. TEX. FAM. CODE ANN. § 152.207(b); *see also* LA. STAT. ANN. § 13:1819(B).

In this case, the trial court determined Texas was P.M.K.'s home state and it had jurisdiction to make the initial child custody determination. However, after considering the evidence relevant to the statutory factors, the trial court found Texas was an inconvenient forum and Louisiana was the more appropriate forum, and declined to exercise its jurisdiction over the dispute. Once Texas, as P.M.K.'s home state, declined to exercise its jurisdiction on the ground that Louisiana was the more appropriate forum, Louisiana had jurisdiction to make the initial child custody determination if P.M.K. and at least one parent had a significant connection with Louisiana other than mere physical presence, and substantial evidence was available in Louisiana concerning P.M.K.'s care, protection, training, and personal relationships. LA. STAT. ANN. § 13:1813; *see also* TEX. FAM. CODE ANN. § 152.201(a)(2).

On appeal, Father contends the evidence does not support the trial court's findings that Texas is an inconvenient forum, Louisiana is a more appropriate forum, and P.M.K. and at least one parent had a significant connection to Louisiana. However, issues depending on the state of the evidence cannot be reviewed without a complete record, including the reporter's record. *Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727 (Tex. App.—Dallas 2014, no pet.). When, as in this case, there is neither a reporter's record nor findings of fact and conclusions of law, the judgment of the trial court implies all necessary findings of fact to sustain its judgment. *Waltenburg*, 270 S.W.3d at 312, and we must presume the missing reporter's record supports the decision of the trial court. *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex.

1998); *In re Kam*, No. 05-16-00126-CV, 2016 WL 7473905, at \*6 (Tex. App.—Dallas Dec. 29, 2016, no pet. h.) (mem. op.). Further, we cannot accept as true any statement of the evidence in a brief that is unsupported by the record. *Floyd v. Floyd*, No. 05-15-00997-CV, 2016 WL 4690030, at \* 2 (Tex. App.—Dallas Sept. 7, 2016, no pet.) (mem. op.).

Without a reporter's record, we have no way to determine what evidence, if any, relevant to Father's complaints was adduced at the hearing, *see Sanadco Inc. v. Hegar*, No. 03-14-00771-CV, 2015 WL 4072091, at \*2 (Tex. App.—Austin July 3, 2015, no pet.) (mem. op.), and cannot determine if the trial court abused its discretion. *See Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). We resolve Father's first issue, to the extent it complains the trial court erred by determining Louisiana was the more appropriate forum and could exercise jurisdiction over this case, and Father's second issue against him.

### Unjustifiable Conduct

In his third issue, Father asserts the trial court erred by failing to find that Mother engaged in unjustifiable conduct by moving P.M.K. to Louisiana. Section 152.208 of the family code provides that, if a court of this state has jurisdiction over a child custody dispute because a person seeking to invoke its jurisdiction engaged in unjustifiable conduct, then with certain exceptions, "the court shall decline to exercise its jurisdiction." TEX. FAM. CODE ANN. § 152.208(a). However, section 152.208 "focuses on the conduct of the party 'seeking to invoke' the Texas court's jurisdiction." *In re A.J.*, No. 02-15-00329-CV, 2016 WL 7010925, at \*3 (Tex. App.—Fort Worth Dec. 1, 2016, no pet.) (mem. op.). Father, not Mother, is the person seeking to invoke the trial court's jurisdiction, and it would be his conduct that would be examined by the trial court pursuant to section 152.208(a). *Id.*; *In re S.L.P.*, 123 S.W.3d 685, 689 (Tex. App.—Fort Worth 2003, no pet.). Father's argument the Louisiana court should

decline jurisdiction based on Mother's conduct must be determined by the Louisiana court. *See*

LA. STAT. ANN. § 13:1820(A). We resolve Father's third issue against him.

We affirm the trial court's order declining to exercise jurisdiction over this child custody dispute because Texas was an inconvenient forum and Louisiana was a more appropriate forum.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


151181F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF P.M.K., A MINOR CHILD

No. 05-15-01181-CV

On Appeal from the 219th Judicial District Court, Collin County, Texas,
Trial Court Cause No. 219-51588-2015.
Opinion delivered by Justice Fillmore, Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee, Callie Willis, recover her costs of this appeal from appellant, Michael R. Kirchner.

Judgment entered this 30th day of January, 2017.